UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACONIAH FIELDS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-03586-JPH-DLP |
| DUSHAN ZATECHY, | ) ) ) |
| Respondent. | ) ) |

**ORDER DISMISSING ACTION AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Indiana prison inmate Jaconiah Fields filed a petition for a writ of habeas corpus on August 23, 2019, challenging discipline he received in a prison conduct proceeding. Dkt. 1. But Mr. Fields did not provide the disciplinary hearing records and pled in his petition that his sanction was a written reprimand and fifteen days of commissary restriction. *Id.* This Court screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and because the sanctions did not extend the fact or duration of confinement, dismissed the petition. Dkt. 3; *see Washington v. Smith,* 564 F.3d 1350, 1350 (7th Cir. 2009) ("a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief."). Mr. Fields was allowed time in which to show why this action should not be dismissed and final judgment entered. Dkt. 3.

Mr. Fields has responded with a plea for the Court to consider his petition because the disciplinary proceeding was unfair, there was no evidence to support his conviction, and the disciplinary hearing officer did not follow the prison's rules and procedures. These are not circumstances that have affected the fact or duration of Mr. Field's confinement.

Mr. Fields adds that he is ineligible for restoration of good time credits which, at first blush, appears to affect the fact or duration of confinement – except that this circumstance is not part of the disciplinary action challenged in this case. Here Mr. Field's discipline of a written reprimand and commissary restriction do not satisfy the threshold jurisdictional requirement for federal court intervention with a writ of habeas corpus. As noted in the order dismissing Mr. Field's petition, in prison disciplinary proceedings, in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When these sanctions are not imposed, prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Mr. Fields has not shown cause why this action should be allowed to proceed. For the above reasons and those stated in the Court's Order of August 28, 2019, *see* dkt. 3, this action is **dismissed with prejudice**. Final judgment consistent with this Order shall now enter.

**SO ORDERED**.

Date: 11/20/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jaconiah Fields
111749
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064